No. 651

FULMER v. KEMPTON COAL CO et al

No. 18708.　Supreme Court

Motion to direct Summit Appeals to certify record.　Docketed July 17, 1924.　2 Abs. 468.

465.　ERROR—Proceedings not commencing within 70 days.

The Coal Co. brought an action in the Summit Common Pleas against Fulmer and obtained a decree on March 7, 1924.　A motion for a new trial was filed on March 19, 1924, and overruled on April 3, 1924.　A petition in error was filed in the Summit Appeals on May 29, 1924, and on June 19, 1924, a motion to dismiss the appeal was made, because the petition in error was not filed nor proceedings in error commenced within 70 days after the entry of judgment and final order complained of.　That the Court of Appeals sustained the motion and the petition in error was dismissed for the reason that the court had no jurisdiction of the proceedings in error.

Attorneys—C. G. Roetzel, for Fulmer; Herberich, Boroughs & Bailey, for Coal Co.; all of Akron.

No. 652

BEHM v. WOLFERT et al

No. 18557.　Supreme Court

ON MOTION TO CERTIFY

Lucas Appeals.　Docketed May 5, 1924
2 Abs. 339

801.　MUNICIPAL LAW—Toledo Zoning ordinance.

This case comes before the Supreme Court upon a petition in error.　Behm brought an action for a permanent injunction preventing the defendants from completing the construction of a building in Toledo claimed to be in violation of the Interim Zoning Ordinance. The defendant's answer denied certain allegations of the petition and setting up the alleged invalidity of the ordinance.　Thereafter the relator filed a supplemental petition in which he alleged that in 1923 a zoning ordinance was enacted in lieu of the riginal interim ordinance which was repealed.　The defendants demurred to this supplementol petition.　The defendants owned a lot in Toledo, for which they had procured a building permit to erect an apartment house.

The Interim Zoning Ordinance was adopted in 1922 and was repealed October 8, 1923. The geeral zoning ordinance of the city of Toledo now in force does, by its terms, apply to the lot owned by the defendants, and if its provisions are enforced they prevent the erection of the building which was in the process of construction.　This prohibition arises out of the fact that the ordinance contains provisions for a set-back line and for open spaces and areas, and other requirements which cannot be complied with in erecting the building which is proposed to be erected on the lot by the defendants.

In refusing to grant the relief prayed for, the Court of Appeals held that, as the zoning ordinance was unreasonable as applied to the facts of this case, it will not be enforced as against the defendants, and, as the petition and stipulation in the case only recites that plaintiff "occupied" adjoining property and does not state that he was the owner thereof, he is not entitled to maintain an action to enjoin an adjacent builder from the infraction of a patent.　The plaintiff prosecuted error to the Supreme Court.　The principal questions for the Supreme Court's decision are:

1. Is the zoning ordinance of the city of Toledo of September 10, 1922, constitutional and valid?

2. Is the Zoning Ordinance unreasonable as applied to the facts of this case?

3. Can a party who occupies adjacent property maintain an action for an infraction of a zoning ordinance without alleging that he is an adjacent property owner?

Attorneys—Hackett & Lynch, for Behm; D. J. O'Rourke and Lawton & Saalfield and Denman, Wilson, Kirkbride & McCake, for Wolfert et al; all of Toledo.